IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SAMUEL WESLEY OETINGER<br><br>Plaintiff,<br><br>v.<br><br>BRIAN EMBLEY, TONY HANSON, ROBERT C. LUNNEN, OFFICERS JOHN DOE 1-20, ATF AGENTS JOHN JOE 1-20<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:08-CV-165-CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

On March 17, 2004, Samuel Wesley Oetinger was indicted by a Grand Jury for allegedly possessing C4, a plastic explosive, in violation of 18 U.S.C. § 842(n). After two criminal trials, the charges against him were ultimately dismissed with prejudice. Mr. Oetinger now seeks to recover damages attributed to his incarceration from March 9, 2004 through August 4, 2005. Plaintiff asserts three causes of action and a corresponding prayer for damages. The first and third causes of actions are *Bivens* and § 1983 claims against Defendants for violating his Fifth and Fourteenth Amendment rights by withholding exculpatory evidence in violation of *Brady*.[1] The second cause of action is a claim for conspiracy. The court finds that Mr. Oetinger cannot overcome Defendants' qualified immunity because he has not alleged facts that show that Defendants violated his constitutionally protected right to a fair trial. Specifically, Plaintiff has neither shown that any withholding of exculpatory evidence materially affected the outcome of

---

[1] A *Brady* violation denies a defendant a fair trial.

either of his trials, nor that there is an underlying cause of action for his conspiracy claim.

Accordingly, Defendants' motion to dismiss is granted.

## FACTUAL BACKGROUND

On March 17, 2004, Mr. Oetinger was indicted by a Grand Jury for allegedly possessing C4 in violation of 18 U.S.C. § 842(n).[2] Mr. Oetinger's criminal case went to trial twice. The first began January 5, 2005 and ended with a jury verdict of guilty.[3] However, no judgment was entered.[4] On Mr. Oetinger's motion, Judge Cassell granted a new trial, which began August 1, 2005.[5] Based upon the withholding of exculpatory evidence, Judge Cassell stated in this second trial, "I don't know whether you're guilty or innocent, we haven't had the jury tell us that . . . [a]ll I can do is dismiss the charges, and I'll do that at this time."[6] The charges against Mr. Oetinger where dismissed with prejudice and Mr. Oetinger was immediately discharged.[7] Mr. Oetinger's total incarceration under these charges spanned from March 9, 2004 through August 4, 2005.[8]

Mr. Oetinger originally alleged that Defendants, which include among them both state and federal officials, took a variety of actions prior to and during his criminal trials that ultimately violated his constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments. Mr. Oetinger has asserted that Defendants fabricated statements,[9] entered Mr. Oetinger's residence without a warrant,[10] failed to disclose exculpatory evidence,[11] provided

---

[2] (Def.'s Mem. in Supp. of Mot. to Dismiss, ¶25).
[3] (Def.'s Mem. in Supp. of Mot. to Dismiss, ¶¶47-51).
[4] Mr. Oetinger makes no mention of a judgment being entered. (Amen. Compl., ¶70). Neither does he dispute Defendants contention that judgment was never finalized. (Pl.'s Mem. in Opp'n to Dismiss., 37).
[5] (Def.'s Mem. in Supp. of Mot. to Dismiss, ¶¶ 51, 57).
[6] (Pl.'s Mem. in Opp'n to Mot. to Dismiss, 27-28).
[7] (Am. Compl., ¶ 95); (Def. Mem. in Supp. of Mot. to Dismiss, ¶ 82).
[8] (Am. Compl., ¶ 96).
[9] (Am. Compl., ¶¶ 39, 59).
[10] (Am. Compl., ¶¶ 39, 99).
[11] (Am. Compl., ¶¶ 43, 47-48, 55, 66-67, 73).

false representations,[12] submitted false information to the grand jury,[13] and interrogated Mr. Oetinger without his counsel present.[14] Mr. Oetinger has since, however withdrawn his claims based on the Fourth and Sixth Amendments in response to Defendants' motion to dismiss. Mr. Oetinger now seeks redress under the three causes of action that follow, alleging that these federal and state officials violated his Fifth and Fourteenth Amendment rights.[15]

## STANDARD FOR A MOTION TO DISMISS

When evaluating a motion to dismiss under Rule 12(b)(6), the court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."[16] The court need not, however, consider allegations which are conclusory, or that "do not allege the factual basis" for the claim.[17] Moreover, the court is not bound by a complaint's legal conclusions, deductions, and opinions couched as facts.[18]

Although all reasonable inferences must be drawn in the non-moving party's favor, a complaint will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face."[19] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20] Under this standard, a claim need not be probable, but there must be facts showing more than a "sheer possibility" of wrongdoing.[21]

---

[12] (Am. Compl., ¶ 57).
[13] (Am. Compl., ¶ 60).
[14] (Am. Compl., ¶ 61-64).
[15] (Pl. Mem. in Opp'n to Mot. to Dismiss, 2).
[16] *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996) (citations omitted).
[17] *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.")
[18] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).
[19] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570).
[20] *Aschroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).
[21] *Id.*

**DISCUSSION**

At the outset, it should be noted that the parties disagree over whether certain Defendants were Federal agents of the Bureau of Alcohol, Tobacco and Firearms, or members of the Ogden City Police Department. For purposes of this analysis, their identities are not important. Claims under *Bivens* and § 1983, although separate roads to recovery, are practically identical on the issues raised here and differ only in the status of the official involved. Indeed, courts have considered a "*Bivens*-type cause of action" to be the "federal counterpart to claims under 42 U.S.C. § 1983,"[22] and have often adopted the factors of one for use in the analysis of the other.[23] For the sake of simplicity, the court will consider Mr. Oetinger's claims and assume that the alleged actions were taken by both types of officials. Because the court finds Mr. Oetinger's arguments unpersuasive, recovery is unwarranted under either § 1983 or *Bivens*.

## I.  DEFENDANTS' IMMUNITY

Defendants claim that Mr. Lunnen is entitled to absolute immunity as the prosecutor in Mr. Oetinger's criminal case, and that all other federal Defendants are protected with qualified immunity.[24] In order to overcome qualified immunity, a plaintiff has a heavy two-part burden. First, a plaintiff must establish that "the facts alleged taken in the light most favorable to the

---

[22] *Paton v. La Prade*, 524 F.2d 862, 871 (3rd Cir. 1975).

[23] *See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (stating that "the factors necessary to establish a Bivens violation and presumably a §1983 violation, will vary with the constitutional provision at issue.") (citations omitted).

[24] (Def.'s Mem. in Supp. of Mot. to Dismiss, 25-34). As mentioned previously, it is unimportant whether Defendants were acting within their capacities as state or federal officials. The Supreme Court has stated: "[I]n the absence of congressional direction to the contrary, there is no basis for according to federal officials a higher degree of immunity from liability when sued for a constitutional infringement as authorized by *Bivens* than is accorded state officials when sued for the identical violation under § 1983. The constitutional injuries made actionable by § 1983 are of no greater magnitude than those for which federal officials may be responsible. . . . Surely, *federal* officials should enjoy no greater zone of protection when they violated *federal* constitutional rules than do *state* officers." *Butz v. Economou*, 438 U.S. 478, 500-01 (1978).

nonmoving party show the officer's conduct violated a constitutional right."[25]  "Second, Plaintiff

must demonstrate that the right was clearly established."[26]

As Mr. Oetinger has noted in his briefing, the "initial inquiry" is whether the facts

alleged, taken in light most favorable to the party asserting the injury, show the officer's conduct

violated a constitutional right.[27]  Because Mr. Oetinger has not alleged facts that show that

Defendants violated a constitutional right, as explained *infra* in context of his *Bivens* and § 1983

actions, Defendants' qualified immunity is granted.[28]  A discussion of absolute immunity is

therefore moot.

## II. FIRST AND THIRD CAUSES OF ACTION – SUBSTANTIVE DUE PROCESS AND BIVENS CLAIM

Mr. Oetinger's first and third causes of actions assert that Defendants violated his

constitutionally protected rights under the Fifth and Fourteenth Amendments.[29]  Mr. Oetinger

now seeks damages under § 1983 and *Bivens* alleging that state and federal officials withheld

exculpatory evidence from him during his criminal trials in violation of *Brady*.  In explaining

*Brady*, the Tenth Circuit has stated that "[t]he duties to disclose and preserve impeachment/

exculpatory evidence are grounded in the due process right to a *fair* trial.  Thus, the withholding

or destruction of evidence violates a criminal defendant's constitutional rights only if, as a result

of the withholding or destruction of evidence, the criminal defendant is denied a fair trial."[30]  The

Tenth Circuit has further stipulated that to establish a *Brady* violation the criminal defendant

---

[25] *Phillips v. James*, 422 F.3d 1075, 1080 (10th Cir. 2005). (citations omitted).

[26] *Id.*

[27] *See Saucier v. Katz*, 533 U.S. 194, 201 (2001).

[28] *See Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1186 (10th Cir. 2001) ("If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity.").

[29] Substantive due process and conspiracy as mentioned in the first action also appear to be the basis of Mr. Oetinger's third cause of action, subtitled "Bivens Claim."  As such, it seems that the two actions are distinct only in their application to state and federal officials in asserting § 1983 and *Bivens* claims.  The court will consider the actions accordingly.

[30] *Morgan v. Gertz*, 166 F.3d 1307, 1310 (10th Cir. 1999).

must prove: "(1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was material to the defense."[31]  Additionally, "[a] plaintiff cannot establish materiality unless the case goes to trial and the suppression of exculpatory evidence affects the outcome."[32]

The key question in this case is whether the guilty verdict alone is sufficient to trigger a *Brady* claim exclusive of an entrance of judgment by the court.  The Tenth Circuit has expressly answered this question in *Morgan*: "A conviction is effective only upon entry of judgment by the trial court."[33]  Mr. Oetinger does not allege that judgment was ever entered, nor does he rebut Defendants argument that the judgment was never finalized.  The court must therefore conclude that Mr. Oetinger was never "convicted" in his first trial.  And while it is true that Mr. Oetinger was neither convicted or acquitted in his second trial, the dismissal of the charges against him make it impossible to conclude that the withholding of any exculpatory evidence "affected the outcome" where he was ultimately released free and clear of any associated charges.

Mr. Oetinger contends that the case law does not require a conviction in order to recover damages for a *Brady* violation, but his reliance on these cases is misplaced.  The plaintiff in *Baker*, for instance, was appealing various rulings focusing upon the allegation that state and federal law enforcement officials are liable under §§ 1983 and 1985(2) for malicious prosecution.  In *DeLoach*, the question was whether damages stemming from claims of retaliation and falsifying an affidavit leading to her arrest, were appropriate.[34]  Although both

---

[31] *Becker v. Kroll*, 494 F.3d 904, 924 (10th Cir. 2007) (quoting *United States v. Geames*, 427 F.3d 1333, 1337 (10th Cir. 2005)).
[32] *Becker*, 494 F.3d at 924; *see also United States v. Bagley*, 473 U.S. 667, 678 (1985) ("[A] constitutional error occurds . . . only if the evidence is material in the sense that its suppression undermines confidence in the outcome of the trial.").
[33] *Morgan*, 166 F.3d at 1310.
[34] *DeLoach v. Bevers*, 922 F.2d 621, 620 (10th Cir. 1990).  In the original action, DeLoach filed her § 1983 suit alleging that Bevers violated her constitutional rights by retaliating against her for exercise of her right to retain counsel and by preparing an intentionally false and misleading affidavit which caused her arrest on first degree

cases mention exculpatory evidence, it is only within the context of other allegations and considerations. In neither case was there a discussion of a *Brady* claim. And it is *Brady* and its progeny that require that the outcome be affected in order to trigger the violation of a fair trial. Accordingly, Mr. Oetinger's contention fails.

## III.     SECOND CAUSE OF ACTION – CIVIL CONSPIRACY

Mr. Oetinger's second cause of action alleges that Defendants knew that exculpatory evidence had been withheld, and "acted in concert and as a unified body in withholding exculpatory evidence and in sponsoring fabricated inculpatory evidence."[35] Furthermore, Mr. Oetinger alleges that as a consequence of the conspiracy he "suffered a wrongful loss of liberty through his incarceration and two separate trials prior to the charges being dismissed with prejudice."[36] Mr. Oetinger fails to specify whether this action is under state or federal law; however, where claims under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) must mirror the "law of the place where the act or omission occurred," a single analysis under the state action will also suffice for the presumed federal claim.[37]

In Utah, civil conspiracy consists of five elements: (1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and, (5) damages as a proximate result thereof.[38] In

---

murder charges. *Id*. at 619-20. As one of her defenses, Bevers attempted to mitigate her liability by arguing that there were many intervening actors. The court found, however, that "the jury could believe that Bevers manipulated the process by mischaracterizing the evidence and by concealing the exculpatory opinion of a key medical expert." *Id*. at 621. Additionally, DeLoach had alleged that Bevers violated her Fourth Amendment rights by causing her to be arrested pursuant to an intentionally false and misleading affidavit. The court considered the exculpatory evidence within these contexts and concluded that "the jury could conclude that Bevers made intentional or reckless misstatements in her arrest affidavit." *Id*. at 622. Thus, the use of exculpatory evidence was used to find that Bevers was justifiably found liable for retaliation and did, indeed, falsify the affidavit leading to DeLoach's arrest. At no time in this opinion, however, did the Tenth Circuit consider *Brady* as the grounds for DeLoach's § 1983 recovery.
[35] (Am. Compl., ¶¶ 112-115).
[36] (Am. Compl., ¶ 122).
[37] *See Mecca v. United States*, No. 09-1569, 2010 App. LEXIS 15485 at *6 (10th Cir. July 26, 2010) (quoting 28 U.S.C. § 1346(b)(1)).
[38] *Pohl, Inc. of America v. Webelhuth*, 2008 UT 89, ¶ 29, 201 P.3d 944.

applying these elements, the Supreme Court of Utah has stated: "In a conspiracy that results in tort liability, the cause of action for which the co-conspirators are ultimately held liable is not the tort resulting in the harm, but for the conspiracy that led to the harm. These are separate and distinct causes of action."[39] Thus, if successful on the underlying claim, Mr. Oetinger could also recover from a conspiracy that brought about any injury. However, Utah Supreme Court has also stipulated that "if the acts alleged to constitute the underlying wrong provide no cause of action, then neither is there a cause of action for the conspiracy itself."[40]

The critical question before the court is whether the allegation is sufficiently pled to show that "one or more unlawful, overt acts" were committed by Defendants and that there is therefore an underlying cause of action. The conspiracy analysis in the context of the *Brady* claim is rather odd, because the court must focus on whether Defendants took actions that deprived Mr. Oetinger of a fair trial and not simply whether exculpatory evidence was willingly withheld. In other words, by following the nature of the underlying *Brady* claim, the "unlawful, over acts" analysis becomes result determinative. As explained *supra*, Mr. Oetinger was not deprived of a fair trial. No unlawful or overt act was committed because the outcome of his trial was not affected. As such, there is no underlying cause of action upon which to base a claim for conspiracy. Accordingly, Mr. Oetinger's conspiracy claim fails and Defendants' motion to dismiss is granted.[41]

---

[39] *Jedrziewski v. Smith*, 2005 UT 85, ¶ 10, 128 P.3d 1146.
[40] *Puttuck v. Gendron*, 2008 UT App 362, ¶ 21, 199 P.3d 971 (quoting 16 Am. Jur. 2d *Conspiracy* § 50 (1998)).
[41] It is harsh that a person, after spending the better part of a year and a half incarcerated due to a botched process would not receive some sort of compensation. However, Mr. Oetinger must be aware that his inability to recover in this action is not because the court has found that he has suffered no damage, but because he has not brought a claim upon which damages could be recovered. This is not to suggest that Mr. Oetinger would surely succeed on an otherwise stated claim, but it is his duty to bring and clearly state his arguments before the court rather than assume the court will articulate them for him.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.

DATED this 29th day of November, 2010.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge